### A. F. SMITH v. W. H. TURNER, ET AL.

**Mortgage—Land Held in Trust—Proof.**
> Where one takes a mortgage on a horse and some land to indemnify him from loss by becoming surety for others, and has to pay the debt, he may foreclose such mortgage; and where the mortgagors claim they were not the owners of the property when they executed the mortgage, but the proof fails to sustain their claim, such defense fails.

APPEAL FROM LARUE CIRCUIT COURT.

September 4, 1877.

OPINION BY JUDGE ELLIOTT:

In 1873 appellant became bound as surety of appellees, W. H. and Mary V. Turner, on two promissory notes to Alfred Hazelwood,

amounting in the aggregate to about one hundred twenty-five dollars. On these notes the appellant and appellees were sued and judgment obtained against them, and appellant was compelled to pay them.

At the time appellant signed as surety on W. H. and Mary V. Turner's paper they conveyed to him in mortgage a tract of fifty acres of land and a stud horse named "Denmark" to secure him against loss as their security. Appellant, as he states in his petition, had to pay off both of the notes on which he had gone Turner and wife's security, which, at the time he paid them (June 2, 1875), amounted to the sum of $145.55. After the payment of these claims appellant brought this suit to sell the mortgaged property in satisfaction of the amount due him.

Turner and his wife answered and admit the execution of the mortgage, state that at its date they were not the owner of the horse named therein, and Mrs. Turner pleads that the mortgage deed was acknowledged by her in the presence of her husband, but was not read and expxlained to her as required by law.

The children of W. H. and Mary V. Turner, on their petition for that purpose, were made parties to the suit, and by way of defense stated that the fifty-acre tract of land was many years before that time conveyed by a Mr. Cunningham to W. H. Turner in trust for the use of Mary V. Turner and her children, and claim that they are joint owners with their mother of the mortgaged land, and ask that their shares be allotted to them; and Mrs. Turner claims that the deed from Cunningham impressed on her interest in the mortgaged land the character of separate estate, and she in consequence resisted its sale in satisfaction of appellant's debt.

The cause was submitted on the pleadings and exhibits, and the court dismissed appellant's suit at his cost, and he brings the case here and claims that the judgment of the lower court was erroneous.

It seems to this court that on the pleadings and exhibits the appellant was entitled to a judgment. He went on Turner and wife's paper as surety, and they, to indemnify him, executed the mortgage on the land and horse. As he has to pay the notes to Hazelwood and as the appellees, Turner and wife, had broken the condition of the mortgage, he had a clear right to sell the mortgaged property if it belonged to the mortgagors and was not the separate estate of the female mortgagor.

There is no pretense that the mortgaged horse was Mrs. Turner's separate estate, and it was subject to the mortgage if owned by the

mortgagors at the date of the mortgage, and there is no proof in this record that the horse was not the property of the mortgagors. As to the mortgaged land there is no proof that the fifty acres mortgaged to appellant is a part of the tract conveyed by Cunningham to W. H. Turner in trust for his wife and children. The mortgage deed described it as land that Robert Cunningham had conveyed to W. H. Turner and Mary V. Turner, and the deed exhibited by W. H. and Mary V. Turner's children only proves that Robert Cunningham had conveyed some two hundred fifty acres of land to W. H. Turner, to be held in trust for Mary V. Turner and her children; but there is no evidence in this record that the mortgaged tract is a part of the tract so deeded.

But if it should turn out that the mortgaged tract is covered by the deed from Cunningham to W. H. Turner and wife in trust for the wife and children, still, from the language of the deed, we are of opinion that Mrs. Turner has a life interest in it which she and her husband could convey by way of mortgage to appellant.

Upon the return of the case either party may be permitted to amend their pleadings in the case.

Wherefore the judgment is *reversed* and the cause remanded for further proceedings not inconsistent with this opinion.

*Reid & Twyman, for appellant.*

*W. H. Chelf, T. F. Robertson, for appellees.*